### Eric Hale v. William Peddle

[590 A.2d 899]

No. 90-175

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 5, 1991

*Eric Hale*, pro se, Hyde Park, Plaintiff-Appellee.

*David G. Miller* of *Brown, Cahill, Gawne & Miller*, St. Albans, for Defendant-Appellant.

**Johnson, J.** This is an appeal from a contempt order issued during the course of a small claims proceeding. The sole issue before us is whether the appeal properly lies in superior court or with the Supreme Court. The superior court dismissed the appeal for lack of jurisdiction. Defendant argues that the contempt order was a judgment in small claims, appealable to the superior court. We agree and reverse.

Plaintiff brought an action in small claims for reimbursement for damage to his automobile. He claimed that in an effort to avoid hitting defendant's cows, which were strolling in the road near a curve, he slammed on his brakes and skidded into guardrails, causing substantial damage to his car. The small claims court found defendant negligent for failure to fence his cows and entered judgment for plaintiff for $2,000 in damages and $15 in costs.

Defendant did not appeal the judgment but failed to pay the amount awarded. Following a financial disclosure hearing, pursuant to 12 V.S.A. § 5537, the small claims court found that defendant had the ability to pay and ordered him to do so in full. Defendant again refused, and after a show cause hearing, the court held defendant in contempt for refusal to pay the judgment. Sanctions were withheld while plaintiff pursued a writ of execution, but the writ was not served.

A second hearing was conducted to show cause why defendant should not be held in contempt. Defendant claimed to be impecunious, but the court pronounced the statement incredible and found instead that defendant had willfully hidden his assets by restructuring his financial affairs. Defendant stated

clearly in open court, under oath and in direct response to the court's inquiry, that he refused to pay the judgment. The court found him in contempt of court and ordered him imprisoned unless he paid the judgment or filed a proposed payment plan. He did neither. Instead, he appealed the contempt order to superior court, pursuant to 12 V.S.A. § 5538.* The sentence was stayed pending appeal.

The superior court dismissed for lack of jurisdiction. It ruled that there is no authority for small claims courts to issue contempt orders, that the order was therefore issued under the district court's general civil powers, and that the appeal from the contempt order lay in the Supreme Court. Defendant accordingly appealed to this Court. We permitted the appeal for the limited purpose of determining where the appeal from the contempt order lies.

 Appeals from small claims judgments lie in superior court. 12 V.S.A. § 5538. The order in question was issued during the course of a small claims proceeding; accordingly, it was a small claims judgment. If courts have no authority to issue civil contempt orders during the course of small claims proceedings, a question on which we express no opinion, then the order was unauthorized. Jurisdiction to determine that question lies with the superior court—where all small claims appeals lie.

*Reversed and remanded.*

---

* 12 V.S.A. § 5538 states in relevant part that "[a]ny party may appeal from a small claims judgment to the superior court."